HARDY, Judge.
This is an action by plaintiff seeking to expropriate a servitude of right-of-way across the property of defendants located in V/est Carroll Parish for the purpose of constructing a pipeline for the transportation of natural gas. From judgment in favor of plaintiff granting the right-of-way as prayed, conditioned upon the payment of the principal sum of $1,955.00, representing the value of the right-of-way and attendant damages, plaintiff has appealed. Defendants have answered the appeal, praying for an increase in the amount of the award.
The facts which serve as background information in connection with this litigation are either undisputed or conclusively established as follows:
In 1955 a 75 foot right-of-way was acquired by the American Louisiana Pipeline Company from defendants for the purpose of laying, maintaining and operating a pipeline for the transportation of oil, gas or other petroleum products. Pursuant to the rights granted, the gas pipeline was laid and has been continuously used and maintained. Prior to the institution of this suit, as the result of a corporate merger, plaintiff corporation succeeded to all rights of the American Louisiana Pipeline Company. The purpose for which the right-of-way servitude is sought in this action is to permit the laying, maintenance, operation, etc., of a second pipeline for the transportation of gas or other petroleum products. According to plaintiff’s engineering plans it is proposed to lay this second pipeline parallel to the existing pipeline separated therefrom by a .distance of twenty-five feet. The second pipeline therefore would be laid within the limits of the existing right-of-way at a distance of some 12j/£ feet from the west boundary thereof. In connection with the necessary construction operations for the laying of the new pipeline plaintiff seeks the temporary use of a 37j/á foot strip of *902 land immediately adjacent to the west line of the existing right-of-way. After preliminary negotiations designed to effect an amicable agreement with defendants proved fruitless, plaintiff instituted this suit.
We first take note of the issues presented by defendant’s pleadings. In their answer to the appeal defendants re-urge their exceptions of prematurity and no right of action which were overruled by the district court. It is the burden of defendants’ argument in support of these exceptions that no bona fide effort was made by plaintiff to negotiate with defendants for the acquisition of the right-of-way prior to the filing of this suit. In our opinion, this argument is not supported by the record. It is established that on several occasions over a period of months the defendant, Peterson, had been contacted by a representative of Ford, Bacon & Davis, who were acting as engineers for plaintiff. Defendant contends that he was under the impression that this representative was acting for the American Louisiana Pipeline Company and negotiating, solely with respect to damages, upon the basis of the rights granted to said company by the 1955 agreement. We are compelled to reject defendant’s claims. In the first place, according to the testimony of defendant, Peterson, during the period of negotiations, he was aware of the merger of American Louisiana Pipeline Company with plaintiff and this fact completely destroys the validity of the asserted contention. In the second place, we cannot find any basis for a conclusion that defendant was prejudiced by any material misunderstanding as to the rights which plaintiff’s representative was seeking to acquire. For these reasons we find no merit in the pleas of prematurity and no right of action.
 Defendant’s answer to the appeal also complains of the failure of the district judge to grant a motion for a continuance and it is argued that defendants had insufficient time to properly prepare and present their case with reference to the value of the rights sought to be expropriated. Con-cededly, the right to a continuance is a matter which addresses itself to the discretion of the trial judge and his action in granting or refusing a continuance may not be disturbed unless there is clear evidence of the abuse of this discretion. We find no support for a finding that our colleague of the district court was guilty of any such abuse. Defendants were thoroughly cognizant of plaintiff’s intention to acquire the right-of-way across their property, for a period of months prior to the institution of this suit, and they had full opportunity to prepare and present their case.
Proceeding to a consideration of the merits, it is clear that the most serious dispute between the parties litigant relates to the estimate of valuation and damages. By this appeal plaintiffs seek a reduction in the amount of the award, and, conversely, defendants pray for a substantial increase.
The testimony of the two expert witnesses presented by plaintiff discloses that their valuation was based upon comparable sales in the general vicinity of the property which is involved in this suit. It matters not whether these comparables were developed by the research efforts of the witnesses themselves or whether, as was the actual circumstance, these witnesses were furnished a list of the comparables by another party. The fact remains that the comparables used as the basis for the valuations fixed by these experts were acceptable.
It is too well established to necessitate discussion that the use of comparable sales is the best, fairest and most acceptable basis for valuation in connection with expropriation proceedings.
The difference between the parties in this case is that the two expert witnesses for plaintiff valued the property of defendants upon the basis of its highest and best use as farm land, while the expert witness on behalf of defendants valued the property upon the basis of potential availability in the na *903 ture of a residential subdivision. This contended method is without foundation in the instant case and is too speculative in nature to deserve consideration.
We think the record supports plaintiff’s contention that the highest and best valuation should be fixed upon the basis of $350.00 per acre. The actual acreage embraced within the limits of the existing right-of-way amounted to 1.37 acres. Plaintiff’s appraisers reduced the valuation of $350.00 by 50% in consideration of the fact that the rights sought to be acquired by plaintiff are in the nature of a servitude only and not in fee ownership.
As above noted, in addition to the actual right-of-way to be occupied by the pipeline, plaintiff finds it necessary to acquire the right of temporary use of an additional strip of 37y2 feet in connection with construction operations which, it is estimated will be completed within a period of one year. As compensation for this use, plaintiff’s appraisers suggested a nominal rental for the 1.37 acres represented in this temporary usage plus the cost of reconstituting this strip through planting of coastal ber-muda. The value of the rental and the reconstitution cost was fixed in the amount of $75.00. On this point defendant testified that an additional allowance of damages should be made for the beef lost due to the removal of the pasturage represented by the 1.37 acres necessary to plaintiff’s construction operations. Defendant claimed that this beef loss would aggregate 500 pounds per acre per year which at twenty-five cents per pound, based upon the price of beef, would amount to $171.25 per year. Again we can only comment that this basis of valuation was purely speculative and unsupported by anything except defendant’s personal opinion.
We find no adequate reason for an increase in the land valuation as fixed by-plaintiff’s witnesses. We do think there is a small margin of error in the estimation of rental value and reconstitution cost of the pasturage represented in the strip of land required for- temporary use for construction purposes. It is, therefore, our conclusion that the amount of the judgment should be reduced to the' sum of $240.00 representing the taking of the servitude embracing the 1.37 acres to be occupied by the laying of the additional pipeline, plus the sum of $150.00 as compensation in the nature of rental and reconstitution costs for the temporary use of a like area.
We note defendants’ prayer, in answer to this appeal, that the case be remanded in order to allow opportunity for a more comprehensive presentation of valuation, and further for presentation of evidence supporting the claim for severance damages. We have above delineated our reasons for rejecting the first ground for the request for a remand. On the second point we find nothing in the record which would indicate an entitlement to severance damages; and, as a consequence, there appears to be no need for a remand for this purpose.
It is also material to note that the judgment appealed from in this case contains numerous specifications designed for .the protection of defendants in connection with plaintiff’s use of the right-of-way and temporary servitude granted by the judgment.
For the reasons assigned the judgment appealed from is amended to the extent of reducing the principal amount of the award to the sum of $390.00, and as amended the judgment is affirmed. Costs of this appeal are taxed against defendants-appellees.